"ECF CASE"

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEAN LIN,

07 CV 3218

                                Plaintiffs,

                                              COMPLAINT

        - against –

METROPOLITAN LIFE INSURANCE                   JURY TRIAL DEMANDED
COMPANY,

                                Defendant.
-------------------------------------------------------------x



        Plaintiff, JEAN LIN, (hereinafter "Plaintiff"), by her attorneys, TRIEF &

OLK, as and for her Complaint against the defendant, METROPOLITAN LIFE

INSURANCE COMPANY (hereinafter "Defendant" or "MetLife"), alleges at all

material times as follows:

        1.  At all relevant times, Plaintiff Jean Lin was the wife of the deceased Bang

Lin, and both were citizens of the state of California.

        2.  Defendant MetLife is a mutual company incorporated in the state of New

York with its principal place of business at One Madison Avenue, New York, New

York.

        3.  Upon information and belief, MetLife has and continues to engage in a

persistent course of conduct in the marketing, sales, and service of its insurance policies

in the territory of the Southern District of New York State.  MetLife is subject to

personal jurisdiction in the Southern District of New York.

        4.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive

of interest and costs.

        5.  Jurisdiction of this action is based on 28 U.S.C. § 1332.

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because MetLife has its principal place of business in the Southern District of New York.

<u>AS AND FOR PLAINTIFF'S CLAIM FOR RELIEF<br>AGAINST THE DEFENDANT</u>

7.  On or about August 5, 2004, Bang Lin and Jean Lin made a written application to MetLife for an insurance policy insuring the life of Bang Lin (the "Application").

8.  MetLife issued policy number 204 126 416 ET (the "Policy") on August 31, 2004, with a face value of $1,000,000, with Bang Lin as the insured and Jean Lin as the owner of the Policy.  Jean Lin was also the primary beneficiary.

9.  Bang Lin died on August 11, 2006 while the Policy was in effect.

10. Subsequent to Bang Lin's death, Jean Lin sought payment on the Policy from MetLife.

11. In a letter dated February 5, 2007, MetLife declined to pay and declared the Policy void because, "in addition to other relevant facts," Bang Lin allegedly made a material misrepresentation by not disclosing visits with his attending physician on several occasions between September 5, 1998 to August 7, 2004 for a condition that "is serious from an underwriting standpoint."

12. The denial by MetLife was presumably based on the fact that Bang Lin tested positive for the Hepatitis B e antigen prior to submitting his Application for the Policy.

13. Bang Lin had previously tested positive for the Hepatitis B e antigen.

14. The Hepatitis B e antigen is known to appear in people of Asian descent at a far higher rate than other racial and ethnic groups due to prior exposure to the Hepatitis B virus.

2

15. Most individuals (i.e. 95%) who are exposed to the Hepatitis B virus clear the virus and do not exhibit symptoms.

16. Those individuals who are exposed to Hepatitis B but do not develop the disease have normal life expectancies.

17. Bang Lin cleared the Hepatitis B virus from his system prior to submitting his Application for the Policy.

18. After clearing the virus, Bang Lin was at no increased risk for cirrhosis or a decrease in his life expectancy.

19. There was no material underwriting risk to MetLife once Bang Lin cleared the virus.

20. MetLife wrongfully refused and continues to refuse to pay the Plaintiff the sum due under the Policy.

21. MetLife made an unreasonable delay in reaching its decision to refuse to pay the Plaintiff the sum due under the Policy, resulting in prejudice to the Plaintiff.

22. MetLife has breached its contract.

23. By reason of the foregoing, Plaintiff has been damaged in the amount of $1,000,000.00, together with interest, costs and disbursements thereon.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a)    in the amount of $1,000,000.00, together with interest from August 11, 2006, costs and disbursements as provided by law.

Dated:    New York, New York
          April 20, 2007

                                        TRIEF & OLK

                              By:       _____
                                        Eric Dinnocenzo  (ED 3430)
                                        Attorneys for Plaintiffs
                                        150 East 58th Street, 34th Floor
                                        New York, New York 10155
                                        (212) 486-6060