UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEAN LIN,

                     Plaintiff,                     07-CV-3218 (Judge Holwell)

   -against-                              ANSWER, AFFIRMATIVE
                                                          DEFENSES and COUNTERCLAIM

METROPOLITAN LIFE INSURANCE COMPANY,

                     Defendant.
_____

      Defendant, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiff, and, as to each and every allegation therein:

      1.     Admits, upon information and belief, that Plaintiff Jean Lin was the wife of the deceased, Bang Lin, and that they were citizens of the State of California, and denies remaining allegations.

      2.     Denies the allegations set forth in paragraph 2 of the Complaint, and further states that MetLife is a corporation organized and existing under the laws of State of New York, with its principal place of business in the State of New York.

      3.     Admits that this Court has personal jurisdiction over MetLife in this action, admits that MetLife engages in business in the State of New York, and denies remaining allegations.

      4.     Admits that the matter in controversy alleges damages in the sum or value of at least $75,000.00, exclusive of interest and costs, and denies remaining allegations.

      5.     Admits that this Court has subject matter jurisdiction over this action.

6. Admits that venue in this district is proper, admits that MetLife's principal place of business is in the State of New York, and denies remaining allegations.

## AS AND FOR PLAINTIFF'S CLAIM FOR RELIEF

7. Admits that on or about August 5, 2004, Mr. Bang Lin completed an application seeking $1,000,000 in MetLife life insurance, and denies remaining allegations.

8. Admits that on or about August 31, 2004, MetLife issued a Term Life Insurance Policy with a face value of $1,000,000, Policy Number 204 126 416 ET (hereinafter "the Policy"), on the life of Mr. Lin (hereinafter "the Decedent"), wherein Plaintiff was named owner and primary beneficiary of the Policy, and denies remaining allegations.

9. Admits, upon information and belief, that the Decedent died on August 11, 2006, and denies remaining allegations.

10. Admits that on or about September 19, 2006, Plaintiff submitted a claim for death benefits under the Policy, and denies remaining allegations.

11. Admits that by letter dated February 5, 2007, MetLife denied Plaintiff's claim for death benefits under the Policy, and respectfully refers the Court to the text of that letter, attached hereto as *Exhibit 1*, as to the contents therein, and denies remaining allegations.

12. Denies the allegations set forth in paragraph 12 of the Complaint, and respectfully refers the Court to the text of MetLife's denial letter, *Exhibit 1*, for the basis for the claim denial.

13. Admits, upon information and belief, the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred because MetLife's actions were made in good faith, were reasonable, were based on substantial evidence, and were not arbitrary or capricious.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. MetLife affirmatively states that the Decedent made negligent and/or intentional misrepresentations during the application process, or otherwise failed to provide information during the application process to the best of his knowledge and belief, in light of the facts then known to him. These misrepresentations during the application process were material to the issue of whether the Decedent would receive insurance coverage from MetLife, and how much insurance coverage would be issued by MetLife. MetLife reasonably relied upon these misrepresentations in issuing insurance coverage to the Decedent. Had the Decedent responded truthfully and accurately within the policy application, MetLife would not have issued the Policy to him, or would have issued coverage under the Policy subject to different terms, limitations, and premiums. Accordingly, the Policy is void *ab initio*.

## COUNTERCLAIM

COMES NOW Defendant/Counter-Claimant, METLIFE, and hereby files this Counterclaim against Plaintiff, JEAN LIN, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. MetLife is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in the State of New York, and is authorized to do business in the State of New York.

2. Upon information and belief, Jean Lin is a citizen of the State of California.

3. Jurisdiction and venue are proper herein because MetLife resides in New York, and this Court has jurisdiction over the action filed by Plaintiff.

GENERAL ALLEGATIONS

1. This is an action for rescission of, or alternatively for declaratory judgment relating to, a MetLife Term Life Insurance Policy, Policy Number 204 126 416 ET ("the Policy"), on the life of Bang Lin ("the Decedent").

2. The Policy had a face amount of $1,000,000.

3. On August 5, 2004, the Decedent applied for life insurance coverage by completing and executing a document entitled, "Application for Individual and Multi-Life Life Insurance" ("the Application"). A copy of the Application is attached hereto as *Exhibit 2*.

4. Question 22(a) of Part I of the Application states, "Has any person proposed for insurance: (Provide details for each Yes answer below.) In the past six months, taken any medication or been under observation or treatment?"

5. In response to Question 22(a), the Decedent checked, "No."

6. Question 22(c) of Part I of the Application states, "Has any person proposed for insurance: (Provide details for each Yes answer below.) During the past five years had any: checkup; health condition; or hospitalization not revealed above?"

7. In response to Question 22(c), the Decedent checked, "No."

8. Question 6 of Part II of the Application states, "Are you now, or within the last six months, under observation or taking medication or treatment (Including over the counter medications, vitamins, herbal supplements, etc.)?"

9. In response to Question 6, the Decedent checked, "No."

10. Question 8(a) of Part II of the Application states, "Other than the above, during the past five years have you had any [c]heckup; electrocardiogram; chest x-ray or medical test?"

11. In response to Question 8(a), the Decedent checked, "No."

12. Question 8(b) of Part II of the Application states, "Other than the above, during the past five years have you had any [i]llness; injury; or health condition not revealed above; or have been recommended to have any: treatment, hospitalization; surgery; medical test; or medication?"

13. In response to Question 8(b), the Decedent checked, "No."

14. In executing the Application, the Decedent agreed to having read it and that all statements were true and complete. In addition, the Decedent acknowledged that his statements were the basis of any policy issued and that no insurance would take effect unless: "(a) the condition of health of each person to be insured is the same as stated in the application; and (b) no person to be insured has received any medical advice or treatment from a medical practitioner since the date of the application." *See Exhibit 2* attached hereto.

15. In reliance upon the representations made by the Decedent during the application process, MetLife issued the Policy on August 31, 2004, in the "Select Preferred Nonsmoker Class" with a face amount of $1,000,000.

16. At the time of the issuance of the Policy, Plaintiff was the named owner and beneficiary.

17. On or about September 19, 2006, Plaintiff submitted a claim for death benefits under the Policy. A copy of the MetLife Individual Life Death Claim Form is attached hereto as *Exhibit 3*.

18. Because the Decedent died within two years of the issuance of the Policy, MetLife conducted an investigation into the circumstances surrounding the Decedent's death.

19. Pursuant to MetLife's investigation, it was determined that the Decedent misrepresented material information in the Application, including his medical history.

Specifically, Decedent's medical records revealed that he had a history of hepatitis B, received treatment (including but not limited to being prescribed Interferon) for hepatitis B from September 5, 1998 to August 7, 2004, and was diagnosed with a history of chronic Hepatitis B on March 27, 2004.

20. If MetLife had been aware of the Decedent's medical history, MetLife would not have approved the Policy as it did.

21. In light of these findings, MetLife declined coverage under the Policy. *See Exhibit 1*.

22. MetLife has refunded all premiums, plus interest, paid under the Policy to the Plaintiff.

## CAUSES OF ACTION

### COUNT ONE: RESCISSION FOR MISREPRESENTATION

1. The allegations of paragraphs 1 through 22, set forth above, are incorporated herein by reference as if re-stated in their entirety.

2. The information provided within the Application misrepresents the Decedent's medical history as set forth in paragraphs 4-14 and 19-21 above.

3. These misrepresentations, omissions, concealment of facts and/or incorrect statements were made for the purpose of inducing MetLife to issue life insurance coverage to the Decedent.

4. These misrepresentations, omissions, concealment of facts and/or incorrect statements were material to the issue of whether, and in what amount, the Decedent would receive insurance coverage from MetLife.

5.      MetLife reasonably relied upon these misrepresentations, omissions, concealment of facts and/or incorrect statements, delineated herein, and issued coverage to the Decedent based on such reasonable reliance.

6.      Had MetLife known the true facts of the Decedent's medical history, MetLife would not have issued the Policy to the Decedent, or would have issued coverage subject to different terms, limitations, and premiums.

7.      Based upon these misrepresentations during the application process, the Policy is void *ab initio*.

WHEREFORE, MetLife respectfully requests that this Honorable Court enter a judgment or order: (i) rescinding the Policy; (ii) dismissing each and every cause of action set forth in the Complaint, with prejudice; (iii) awarding costs and disbursements of this action, including reasonable attorneys' fees; and (iv) providing such other and further relief as the Court deems just and proper.

METROPOLITAN LIFE INSURANCE COMPANY


By: _____/S/ALVIN PASTERNAK_____
     Alvin Pasternak
     Tomasita Sherer, of Counsel
     One MetLife Plaza
     27-01 Queens Plaza North
     Long Island City, NY  11101
     (212) 578-3102 (Tel)
     (212) 743-0668 (Fax)