UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JEAN LIN,                                                                   07-CV-3218 (RJH)

          Plaintiff,

- against –

METROPOLITAN LIFE INSURANCE
COMPANY,

          Defendant.
------------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

STATE OF NEW JERSEY    )
                                 ) ss:
COUNTY OF MIDDLESEX   )

DANIEL ZAMARRIPA, being duly sworn, deposes and says:

    1.    I am a Vice President in the Life Underwriting Division at MetLife in its offices in Somerset, New Jersey. I submit this affidavit in support of Defendant's Motion for Summary Judgment on its Counterclaim as a result of the material misrepresentations made by Mr. Bang Lin ("Decedent") in his application for life insurance Policy No. 204 126 416 ET (the "Policy") issued on August 31, 2004.

    2.    I have worked for MetLife for approximately 3 years. From October 2006 to the present, I have held the position of Vice President. From October 2005 to October 2006, I held the position of Assistant Vice President.

    3.    As a Vice President in the Life Underwriting Division at MetLife, I am generally responsible for overseeing the underwriting of life insurance policies. One of my specific

responsibilities is to evaluate the materiality of any misrepresentations or changes in health in an application for life insurance.

4. I was asked to review the underwriting file for the policy insuring the life of Decedent. As such, I am familiar with the records in the file, and the decision to deny Plaintiff's claim for death benefits.

5. Upon reviewing MetLife's underwriting guidelines and Decedent's medical records, I determined that, had MetLife known of this information, it would have declined the Policy as issued. *See* Exh. A attached hereto, p. ML LIN 00064. Specifically, according to MetLife's underwriting guidelines in effect at the time of the application, MetLife would have issued a policy at a different rating. *See* Exh. B, attached hereto, pp. ML LIN 00710-718.

6. I testified at a deposition with respect to this determination on December 14, 2007. *See Sherer Aff.*, Exh. E. I stand behind the opinions I expressed at that deposition. *Id.*

7. On the application, Decedent denied any history of hepatitis B. *See Stowe Aff.*, Exh. A. However, according to the medical records obtained, this was not accurate. *See Stowe Aff.*, Exh. E. In reality, the Decedent likely had a lifelong history of hepatitis B, he received treatment (including but not limited to being prescribed Interferon) for hepatitis B for approximately seven years from September 1998 – through the date of the Application/Paramedical in August 2004 – to December 2005, and was diagnosed with chronic hepatitis B on March 27, 2004. *See id.; Sherer Aff.*, Exh. H. Had MetLife known this information, the Decedent would not have qualified for the Select Preferred policy he was given. *See* Exh. A attached hereto, p. ML LIN 00064.

8. Hepatitis B is a viral disease that affects the liver. *Sherer Aff.*, Exh. E, p. 16. Once you have the infection, you almost always have it forever, and it will always affect your

mortality. *Id.* at p. 17, 75. Reputable medical literature supports this conclusion. *See* Exh. C, attached hereto, ML LIN 00915-940.

9. Decedent never completely "recovered," as he always maintained the surface antigen, and that as such, the best policy rating he would have received would have been standard (and not Select Preferred as he was given). *Sherer Aff.,* Exh. E, pp. 86-97.

10. As per MetLife's underwriting guidelines, at a minimum, where there was an indication of hepatitis B surface antigen, a liver biopsy was not performed, and the liver enzyme levels (*i.e.*, ALT/AST) were consistently normal – as was the case here - Decedent would have been rated as a hepatitis B carrier. *See* Exh. B attached hereto, ML LIN 00710-718. As per the guidelines, the premium charged for a hepatitis B carrier would have been +50 debits or 50% more premium. *Id.*

11. As a hepatitis B carrier, Decedent always remained at a greater risk of obtaining liver cancer than the general public, and the fact that he did not actually develop liver cancer does not change this fact. *See, e.g.,* Exh. C attached hereto, pp. ML LIN 00915-940.

12. Based on the underwriting guidelines and my review of the entire underwriting file, I conclude that had Decedent, in accordance with the Application, provided MetLife with truthful information about his hepatitis B history in the application for the Policy, MetLife would have declined to issue the Policy as it did.

13. Decedent's failure to disclose this information precluded MetLife from properly estimating the degree of risk it was willing to assume.

WHEREFORE, for all the reasons set forth above, it is respectfully requested that Defendant's motion for summary judgment be granted in its entirety, and the Court dismiss Plaintiffs' Complaint with prejudice.

_____
Daniel Zamarripa

Sworn to before me this 27th day of June 2008

_____
Notary Public

MATTHEW SCHORR
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV 07 2011