UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN LIN,

                Plaintiff,                07-CV-3218 (Judge Holwell)

-against-                            <u>DEFENDANT'S FIRST SET OF
INTERROGATORIES TO
PLAINTIFF</u>

METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant.

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern and Eastern Districts of New York, Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by and through its attorneys, hereby requests that Plaintiff JEAN LIN ("Plaintiff") produce responses to the following interrogatories at the offices of MetLife within thirty (30) days of the service hereof.

DEFINITIONS AND INSTRUCTIONS

As used herein, unless the context otherwise requires:

A.    "Complaint" shall refer to the complaint in the above-captioned action.

B.    "Plaintiff" or "you" shall refer to Ms. Jean Lin.

C.    "Decedent" shall refer to Mr. Bang Lin.

D.    "MetLife" shall refer to Defendant Metropolitan Life Insurance Company, its officers, directors, employees, sales representatives and agents.

E.    "Policy" shall refer to Policy No. 204 126 416 ET, with an issue date of August 31, 2004.

F.  "Document" or "Writing" shall refer to the original and non-identical copy of any written, printed, graphic or photographic matter, or sound reproduction, or other means of preserving thought or expression, of any nature or description, including, but not limited to, correspondence, e-mail, reports, memoranda, now or formerly in the possession, custody or control of Plaintiff or Plaintiff's counsel. Handwritten notations of any kind on any copy of a document render it non-identical.

G.  When requested to identity or set forth identification of a natural person, such identification should include (in addition to any other information specifically requested):

    (i)    the person's full name and age;

    (ii)    the person's present and last known address; and

    (iii)    whether, to Plaintiff's knowledge, such person is for any reason unable to unable to appear and testify in connection with this action.

H.  "Communication" means every manner of transmitting and receiving facts, information, opinions and thoughts, whether orally, by document, writing or copy thereof, or otherwise.

I.  Each interrogatory is to be answered separately.

J.  These interrogatories constitute a continuing request for information and documentation responsive to them. Plaintiffs are under a duty to supplement responses with respect to any question directly addressed to: (1) the identity and location of persons having knowledge of discoverable matters; and (2) the location of documents called for in these interrogatories. Plaintiffs are also under a duty to amend a prior response if they obtain information upon the basis of which they know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## INTERROGATORIES TO PLAINTIFF

1.  Set forth the name, address, date of birth and social security number of the person(s) who prepared or supplied information for the preparation of the answers to each of these interrogatories.

2.  State whether Plaintiff or her representative(s), had any conversations with MetLife concerning the Policy, and, if so, state:

    (a) when each such conversation took place;

    (b) between whom each such conversation occurred;

    (c) the sum and substance of each such conversation; and

    (d) whether any such conversation was memorialized, and if so, include true and correct copies of same.

3.  State whether Plaintiff or her representative(s) sent or received any documents to or from MetLife concerning the Policy, and, if so, state:

    (a) when each such document was sent or received;

    (b) who each document was from and addressed to; and

    (c) the sum and substance of each such document; and include true and correct copies of same.

4.  Set forth the names and addresses of all witnesses known to the Plaintiff and/or her attorneys who have relevant facts pertaining to this lawsuit.

5.  State whether you, your representative(s), attorney or any other individuals known to you, obtained a statement concerning this action and/or its subject matter, from any person or witness; and, if so, state:

    (a) the name and address of the person who gave each such statement;

    (b) the name and address of the person who obtained each such statement;

    (c) the date each such statement was given;

3

  (d) whether each such statement was written, signed by the person making it or is stenographic, mechanical, electrical or other recording for a transcription thereof;

  (e) the content of each such statement or annex a copy thereof; and

  (f) the names and addresses of all persons and/or entities who presently have custody of each statement identified in your answers above.

6. For any expert Plaintiff intends to call at trial, set forth:

  (a) the name and address of each such expert;

  (b) in reasonable detail, the subject matter on which each such expert is expected to testify;

  (c) the sum and substance of facts and/or opinions on which each such expert is expected to testify;

  (d) the qualifications of each such expert witness; and

  (e) a summary of the grounds for each such expert's opinion.

7. As to each such person identified as an expert, state the full caption, court and index number of all cases in which each such person has testified in the past five years. If this information is not available, give the name of the cases involved and the state and court where each such matter was tried, as well as the approximate date of trial.

8. Except the Policy, did the Decedent apply for any other life insurance measuring the life of the Decedent?

9. If the answer to the preceding interrogatory is in the affirmative, set forth:

  (a) the name and address of each insurance company applied to;

  (b) the date of each such policy application and the agent involved in each such policy application;

  (c) the policy limits and the terms of each policy applied for by the Decedent;

  (d) the owner of each such policy;

  (e) the beneficiary of each such policy; and

    (f)    whether any policy applications were denied or rejected, or whether benefits were limited in any way.

10.    Has any insurance company identified in your response to the previous interrogatory raised any issue as to coverage arising from the Decedent's death, and, if so, set forth in detail the basis for such issue, reservation of right, or denial of coverage.

11.    State any physicians visited by Decedent since 2003 and set forth:

    (a)    the name, address and phone number of each such physician the Decedent visited;

    (b)    when the Decedent visited each such physician;

    (c)    why the Decedent visited each such physician; and

    (d)    the physician's prognosis after each such visit.

12.    State whether the Decedent was treated, confined and/or examined by any hospital at any time prior to his death, and, if so, set forth:

    (a)    the name and address of each such hospital and treating physician;

    (b)    the dates of examination, confinement or treatment;

    (c)    the condition for which the Decedent was examined, confined and/or treated; and

    (d)    the nature of the examination, confinement, treatment and/or surgery, if applicable.

13.    State whether any medical tests were taken or procedures performed on the Decedent at any time prior to his death, and, if so, set forth:

    (a)    the names and addresses of the persons, firms or corporations taking each such test or procedure;

    (b)    the date of each such test or procedure;

    (c)    a description of each such test or procedure; and

    (d)    the reason why each such test or procedure was taken.

16. State whether the Decedent was diagnosed with Hepatitis B, received treatment for Hepatitis B, including but not limited to prescription medication treatment, and/or was diagnosed with a history of chronic Hepatitis B, and if so set forth:

    (a)    when the diagnosis was made and/or when the treatment was given;

    (b)    who gave the diagnosis and/or prescribed the medication; and

    (c)    whether Decedent was ever told that he cleared Hepatitis from his system.

Dated: October 26, 2007
       Long Island City, NY

METROPOLITAN LIFE INSURANCE COMPANY

By: _____*Tomasita Sherer*_____
Alvin Pasternak
Tomasita Sherer, of Counsel
Attorneys for Defendant
One MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY 11101
(212) 578-3102 (Tel)

To:    Eric Dinnocenzo, Esq.
        TRIEF & OLK
        Attorneys for Plaintiff
        150 East 58th Street, 34th Floor
        New York, NY 10155
        (212) 486-6060

Index No. 07-CV-3218   Year 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN LIN,

                          Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

                          Defendant.

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

Signature (Rule 130-1.1-a) _____

Print name beneath **ALVIN PASTERNAK, ESQ.**

        Tomasita L. Sherer, Of Counsel

*Attorney for* METROPOLITAN LIFE

*Office and Post Office Address, Telephone*
1 MetLife Plaza
27-01 Queens Plaza North
LONG ISLAND CITY, NY 11101
(212) 578-3102

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

---

1500 – **Blumberg**Excelsior Inc., NYC 10013

---

**NOTICE OF ENTRY**

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

        Yours, etc.

*Attorney for* METROPOLITAN LIFE

*Office and Post Office Address*
1 MetLife Plaza
27-01 Queens Plaza North
LONG ISLAND CITY, NY 11101

To

Attorney(s) for

---

**NOTICE OF SETTLEMENT**

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
Dated,
M.

        Yours, etc.

*Attorney for* METROPOLITAN LIFE

*Office and Post Office Address*
1 MetLife Plaza
27-01 Queens Plaza North
LONG ISLAND CITY, NY 11101

To

Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN LIN,

                Plaintiff,                07-CV 3218 (Judge Holwell)

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1. Set forth the name, address, date of birth and social security number of the person(s) who prepared or supplied information for the preparation of the answers to each of these interrogatories.

**Response:** Jean Lin, 5 Medici Aisle, Irvine, CA 92606. DOB: 5/19/71. SS# 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.

2. State whether Plaintiff or her representative(s), had any conversations with MetLife concerning the Policy, and, if so, state:

    (a)    when each such conversation took place;

    (b)    between whom each such conversation occurred;

    (c)    the sum and substance of each such conversation; and

(d) whether any such conversation was memorialized, and if so, include true and correct copies of same.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, Plaintiff states, I talked with Judy Huang when applying for the Policy and Neil Enright before my husband's death and also with respect to MetLife's subsequent investigation.

3. State whether Plaintiff or her representative(s) sent or received any documents to or from MetLife concerning the Policy, and if so, state:

(a) when each such document was sent and received;

(b) who each document was from and addressed to; and

(c) the sum and substance of each such document; and include true and correct copied of the same.

**Response.** Please see Plaintiff's Rule 26 automatic disclosure and Plaintiff also refers to the document production of the defendant.

4. Set forth the names and addresses of all witnesses known to the Plaintiff and/or her attorneys who have relevant facts pertaining to this lawsuit.

**Response.** The plaintiff refers to her Rule 26 automatic disclosure. Plaintiff also refers to other MetLife individuals referred to in defendant's document production and answers to interrogatories.

5. State whether you, your representative(s), attorney or any other individuals known to you, obtained a statement concerning this action and/or its subject matter, from any person or witness; and, if so, state:

      (a)    the name and address of the person who gave each such statement;

      (b)    the name and address of the person who obtained each such statement;

      (c)    the date each such statement was given;

      (d)    whether each such statement was written, signed by the person making it or is stenographic, mechanical, electrical or other recording for a transcription thereof;

      (e)    the content of each such statement or annex a copy thereof; and

      (f)    the names and addresses of all persons and/or entities who presently have custody of each statement identified in your answers above.

**Response. Objection.** Plaintiff objects to this request on the grounds that it seeks documents that are protected by the work product doctrine and the attorney-client privilege. Plaintiff further objects on the grounds that the request is beyond the scope of

Local Civil Rule 33.3. Without waiving objection, plaintiff has not taken any statements of witnesses.

    6.    For any expert Plaintiff intends to call at trial, set forth:

        (a)    the name and address of each such expert;

        (b)    in reasonable detail, the subject matter on which each such expert is expected to testify;

        (c)    the sum and substance of facts and/or opinions on which each such expert is expected to testify;

        (d)    the qualifications of each such expert witness; and

        (e)    a summary of the grounds for each such expert's opinion.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, Plaintiff will provide expert disclosure in accordance with the Federal Rules of Civil Procedure.

    7.    As to each such person identified as an expert, state the full caption, court and index number of all cased in which each such person has testified in the past five years. If this information is not available, give the name of the cases involved and the state and court where each such matter was tried, as well as the approximate date of trial.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, Plaintiff will provide expert disclosure in accordance with the Federal Rules of Civil Procedure.

8. Except the Policy, did the Decedent apply for any other life insurance measuring the life of the Decedent?

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, plaintiff refers to her document production with respect to a 2004 policy with John Hancock Life Insurance Company in the amount of $1,000,000. The agent was Johnson Leung.

9. If the answer to the proceeding interrogatory is in the affirmative, set forth:
    (a) the name and address of each insurance company applied to;
    (b) the date of each such policy application and the agent involved in each such policy application;
    (c) the policy limits and the terms of each policy applied for by the Decedent;
    (d) the owner of each such policy;
    (e) the beneficiary of each such policy; and
    (f) whether any policy applications were denied or rejected, or whether benefits were limited in any way.

**Response.** Please see response #8.

10. Has any insurance company identified in your response to the previous interrogatory raised any issue as to coverage arising from the Decedent's death and, if so, set forth in detail the basis for such issue, reservation of right, or denial of coverage.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, plaintiff states that John Hancock has refused payment and refers to her document production.

11. State any physicians visited by Decedent since 2003 and set forth:

    (a)    the name, address, and phone number of each such physician the Decedent visited;

    (b)    when the Decedent visited each such physician;

    (c)    why the Decedent visited each such physician;

    (d)    the physician's prognosis after each such visit;

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, plaintiff refers to her Rule 26 automatic disclosure and also states that defendant is already in possession of medical records.

12. State whether the Decedent was treated, confined and/or examined by any hospital at any time prior to his death, and, if so, set forth:

    (a)    the name and address of each such hospital and treating physician;

    (b)    the dates of examination, confinement or treatment;

    (c)    the condition for which the Decedent was examined, confined and/or treated; and

    (d)    the nature of the examination, confinement, treatment and/or surgery, if applicable.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Plaintiff further objects on the grounds that it is overly broad, not limited in time, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, plaintiff refers to her Rule 26 automatic disclosure.

13. State weather any medical tests were taken or procedures performed on the Decedent at any time prior to his death, and, if so, set forth:

    (a)    the names and addresses of the persons, firms or corporations taking each such test or procedure;

    (b)    the date of each such test or procedure;

    (c)    a description of each such test or procedure; and

    (d)    the reason why each such test or procedure was taken.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Plaintiff further objects on the grounds that it is overly broad, not limited in time, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, plaintiff refers to her Rule 26 automatic disclosure.

14. State whether the Decedent was diagnosed with Hepatitis B, received treatment for Hepatitis B, including but not limited to prescription medication treatment, and/ or was diagnosed with a history of chronic Hepatitis B, and if so set forth:

    (a)    when the diagnosis was made and/or when the treatment was given;

    (b)    who gave the diagnosis and/or prescribed the medication; and

    (c)    whether Decedent was ever told that he cleared Hepatitis from his system.

**Response. Objection.** Plaintiff objects to this interrogatory on the grounds that it is beyond the scope of Local Civil Rule 33.3. Without waiving this objection, plaintiff refers to her Rule 26 automatic disclosure.

Dated:    New York, New York
             December 3, 2007

|     |     |
| --- | --- |
|     | TRIEF & OLK |
| By: | _/s/_ Eric Dinnocenzo (ED 3430)<br>Attorneys for Plaintiff<br>150 East 58th Street<br>34th Floor<br>New York, New York 10155<br>(212) 486-6060 |

TO:    Tomasita Sherer, Esq.
       Metropolitan Life Insurance Company
       One MetLife Plaza
       27-01 Queens Plaza North
       Long Island City, NY 11101

## VERIFICATION

STATE OF CALIFORNIA    )
                       )
COUNTY OF ORANGE       )

      JEAN LIN, being duly sworn, deposes and says:

      that I have read the foregoing answers to interrogatories and they are true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                Jean Lin

Sworn to me this 29th
day of November, 2007

_____
Notary Public

B. D. GOYAL
Commission # 1506133
Notary Public - California
Orange County
My Comm. Expires Aug 7, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN LIN,

                              Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY

                              Defendant

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Attorney(s) for **TRIEF & OLK**
**Plaintiff**

Office and Post Office Address
**150 EAST 58TH STREET
34TH FLOOR
NEW YORK, NEW YORK 10155
(212) 486-6060**

To

Signature (Rule 130-1.1-a)

Attorney(s) for

**Eric Dinnocenzo, Esq.**
Print name beneath

Service of a copy of the within          is hereby admitted.

Dated,

                        Attorney(s) for

Sir: Please take notice
☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ *NOTICE OF SETTLEMENT*
that an order                                     of which the within is a true copy will be presented for
settlement to the HON.                                       one of the judges

of the within named Court, at
on the            day of                               at       M.

Dated,

Yours, etc.
**TRIEF & OLK**
Attorney(s) for

Office and Post Office Address
**150 EAST 58TH STREET
34TH FLOOR
NEW YORK, NEW YORK 10155
(212) 486-6060**

To

Attorney(s) for