<u>**Lin v. MetLife**</u>

**07 civ. 3218**

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEAN LIN,   07-CV-3218 (RJH)(MHD)

                         Plaintiff,   AFFIDAVIT OF
                                               MICHAEL HENEHAN

   - against –

METROPOLITAN LIFE INSURANCE
COMPANY,

                         Defendant.
-------------------------------------------------------x

STATE OF NEW JERSEY    )
                                ) ss:
COUNTY OF UNION       )

MICHAEL HENEHAN., being duly sworn, deposes and says:

1.    I am an investigator with Sutton Associates which is located in Cranford, New Jersey. During my more than twenty-six year career as an FBI agent, I spent twenty-two of those years conducting investigations of crimes committed in the United States. These investigations entailed thousands of interviews of witnesses, the suspected perpetrators of those crimes, family members and friends of the suspected perpetrators, informants, and other people targeted as sources of relevant information. A key element of these interviews was the constant evaluation of the truthfulness of the interviewee. As these investigations ultimately were resolved, the truthfulness or lack thereof on the part of the interviewees was very often manifested giving me valuable feedback as an interviewer. I have continued for the past eleven years as an investigator in the private sector. Among other things, I have conducted numerous investigations into

employee theft and misconduct, industrial accidents, product counterfeiting, insurance fraud, stalking and harassment issues, and various litigation support inquiries. Interviews and the subsequent evaluations of the truthfulness of the interviewees continue to be a major portion of my employment.

2. On July 21, 2008, I telephonically contacted Peggy Chou at her home telephone number (909-860-4929) at about 7:00 p.m. Pacific Time. She identified herself as Peggy Chou upon my inquiry. In turn, I identified myself by name as an investigator working for the New York law firm of Trief & Olk which was representing a woman named Jean Lin in a civil case against Metropolitan Life Insurance Company. Peggy Chou verified that she works for Portamedic and conducts physical examinations for Metropolitan Life Insurance Company.

3. I attempted to ask Ms. Chou several questions about her examination and interview of Bang Lin in August 2004. Specifically, I asked her about the completion of the form entitled Part II: Paramedical/Medical Exam that was signed on August 18, 2004. My questions included: Did you translate each and every word and verify that he absolutely understood each and every word? How did he indicate that he understood each and every word? Did you just ask general questions about his health and then fill in the form yourself based upon the fact that Mr. Lin said he was in good health? Do you specifically remember the details of this particular interview which took place in 2004? Do you remember Mr. Lin's face? Do you have a specific memory of Mr. Lin's language skills? In your April 21, 2008 affidavit you stated that Mr. Lin responded "No"

to the question as to whether he had ever been treated for hepatitis; did Mr. Lin respond in Chinese or English? About how many insurance qualification interview/examinations have you performed since August of 2004?

4. Chou repeated several times during the interview: "We ask; they sign; we sign." Each time that I attempted a new question, Ms. Chou would interrupt and say: "Every time, we do same way." She would not directly answer my questions.

5. Because it clearly seemed that Ms. Chou did not have an independent and specific memory of the Lin examination and was simply repeating the same mantra over and over, I asked her, "Could it be that you don't really remember the specific interview of Mr. Lin four years ago?" Ms. Chou responded that she did not know if she should be talking to me and suggested that I should contact the lawyers at MetLife. I asked again, however, whether she could remember Mr. Lin's face and pick out his photograph. Ms. Chou then indicated that she may not have any specific memory of Mr. Lin's interview in 2004, but again insisted with respect to the interview that "we do it same way every time."

6. It is therefore my opinion, based on my training and experience, that Ms. Chou has no independent and specific memory of completing Part II of the application that was signed on August 18, 2004 with Mr. Lin.

_____
MICHAEL HENEHAN

Sworn to before me this
23rd day of July, 2008.

_____
Notary Public



JANIS K. STARNER
A Notary Public of New Jersey
My Commission Expires 9/27/2010