<u>**Lin v. MetLife**</u>

**07 civ. 3218**

# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEAN LIN,

      Plaintiff,      07-CV-3218 (Judge Holwell)

 -against-          RESPONSE TO PLAINTIFF'S
                FIRST REQUEST FOR
                PRODUCTION OF DOCUMENTS

METROPOLITAN LIFE INSURANCE COMPANY,

      Defendant.
_____

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules for the Southern and Eastern Districts of New York, Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by and through its undersigned attorneys, as and for its objections and response to Plaintiff's First Request for Production of Documents ("Plaintiff's First Request"), states:

## GENERAL OBJECTIONS

  1.  The responses and objections herein are made on the basis of information and writings presently available to and located by MetLife upon reasonable investigation of its records and inquiry of its present employees and agents. MetLife reserves the right to modify its responses and objections with such additional information as it may subsequently discover. Furthermore, these answers and responses are made by MetLife without prejudice to its using or relying at trial on subsequently discovered documents and information or on documents and information omitted from these responses and objections as a result of good faith oversight, error, or mistake.

2. MetLife objects generally to Plaintiffs First Request insofar as it requires disclosure of information or documents that are: (a) protected by the attorney-client privilege; (b) protected by the work product doctrine; (c) prepared in anticipation of litigation; and/or are (d) protected by any other applicable privilege or exemption from discovery. To the extent that Plaintiffs First Request can be construed to include such privileged information, MetLife objects to it.

3. MetLife objects generally to Plaintiffs First Request to the extent that it is overbroad, unduly burdensome, or seeks information or documents which are not likely to lead to discovery of admissible evidence.

4. MetLife objects generally to Plaintiffs First Request to the extent that it is vague, ambiguous or attempts to characterize the evidence to be presented in this case.

5. MetLife objects generally to Plaintiffs First Request to the extent that it differs from or expands upon the requirements set forth in the FRCP.

6. MetLife objects generally to Plaintiffs First Request to the extent that it seeks information that is within the care and/or control of Plaintiff.

7. MetLife objects generally to Plaintiffs First Request to the extent that it contains undefined, ambiguous, or ambiguously defined terms.

8. Without waiving the general objections set forth above, MetLife will respond and object specifically to Plaintiffs First Request as it understands it below.

## SPECIFIC RESPONSES AND OBJECTIONS

### DOCUMENT REQUEST NO. 1

Full and complete copies of all policies of insurance issued by MetLife to Bang Lin, or to any other individual or entity, naming Bang Lin as the insured, including, but not limited to, all

application documents, riders, conditions, contingency conditions, additional coverage, endorsements and addenda to those policies.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence, to the extent that this request seeks documents not related to the life insurance policy which is the subject of the instant action. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528, with the exception of a true and correct copy of Policy No. 993 001 679 PR-R, which will be produced to the extent it exists and is in the possession, custody and control of MetLife.

DOCUMENT REQUEST NO. 2

Documents showing or reflecting the identity of the agent who issued the Policy or was otherwise involved in the sale or issuance of the Policy.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528, and/or are produced herewith.

3

DOCUMENT REQUEST NO. 3

A copy of MetLife's underwriting manual (or any other written policies or procedures) in effect at the time of the submission of the Application by Bang Lin to MetLife and/or its agents, servants, or employees.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that there is no such underwriting manual *per se*. Nevertheless, with regard to relevant confidential company underwriting policies, a copy of the pertinent policies requested, to the extent that they exist, will be promptly produced upon receipt of a signed confidentiality agreement, which is provided herewith.

DOCUMENT REQUEST NO. 4

Investigation reports, applications, underwriter's evaluations, correspondence, and other documents relating to MetLife's risk evaluation for issuing the Policy.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 5

A copy of all manuals, policies and/or procedures (in effect from the time of the submission of the Application to today), that relate to the evaluation of whether to disclaim coverage under the Policy based upon alleged material misrepresentation(s) made in the Application.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that with regard to relevant confidential claims evaluation policies, a copy of the pertinent policies requested, to the extent that they exist, will be promptly produced upon receipt of a signed confidentiality agreement, which is provided herewith.

DOCUMENT REQUEST NO. 6

The documents in MetLife's possession or control indicating the alleged material misrepresentations upon which MetLife disclaimed coverage under the Policy.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 7

Correspondence and other communications either sent by or received by MetLife and/or its agents, servants, or employees relating to:

  a. the issuance of the Policy to Bang Lin;

  b. the disclaimer of coverage to Bang Lin's beneficiary.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 8

All claim evaluations and underwriter's evaluations relating to (a) the Application, (b) the issuance of the Policy, and (c) the decision to disclaim coverage under the Policy.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 9

All investigation records, reports, and correspondence relating to the evaluation of Plaintiff's claim under the Policy and/or the decision to disclaim coverage.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 10

All documents relating to either the occurrence or non-occurrence of any medical examinations performed on Bang Lin on the behalf of MetLife.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 11

All medical records and reports in MetLife's custody or control that relate to Bang Lin.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 12

Copies of all premium payments made by Bang Lin or anyone on his behalf for the Policy, and all other records and ledgers relating thereto.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. Notwithstanding its General Objections and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528, and/or are produced herewith.

DOCUMENT REQUEST NO. 13

Copies of all payments made by MetLife to Bang Lin that relate to the Policy, or any other policy of life insurance.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence, to the extent that this request seeks documents not related to the life insurance policy which is the subject of the instant action. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that to its knowledge no such documents exist.

DOCUMENT REQUEST NO. 14

Claim evaluations, payment records, correspondence, investigation reports, and other documents reflecting the decision to make a payment under any policy of life insurance with MetLife (other than the Policy) that had Bang Lin as the insured.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence, to the extent that this request seeks documents not related to the life

insurance policy which is the subject of the instant action. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that all such documents, to the extent that they exist, would be found within Defendant's claim file, a copy of which has been produced as ML LIN 00001-00528.

DOCUMENT REQUEST NO. 15

All documents not already produced that relate to the policies, practices, and procedures of MetLife (in effect from the time of the submission of the Application to today), that relate to (a) the issuance of life insurance policies, (b) evaluation of risk, and (c) the disclaimer of coverage with either (d) any form of Hepatitis, and (e) any markers or indicators for any form of Hepatitis.

RESPONSE:

MetLife incorporates its General Objections as if fully set forth herein. MetLife further objects to this request on the grounds that it is overbroad and not reasonably calculated to lead to admissible evidence. Notwithstanding its General Objections and these specific objections, and subject to them, MetLife states that with regard to relevant confidential company policies, a copy of the pertinent policies requested, to the extent that they exist, will be promptly produced upon receipt of a signed confidentiality agreement, which is provided herewith.

Dated: October 26, 2007
      Long Island City, NY

                          METROPOLITAN LIFE INSURANCE COMPANY

By: _____
      Alvin Pasternak
      Tomasita Sherer, of Counsel
      Attorneys for Defendant
      One MetLife Plaza
      27-01 Queens Plaza North
      Long Island City, NY 11101
      (212) 578-3102 (Tel)

To:    Eric Dinnocenzo, Esq.
        TRIEF & OLK
        Attorneys for Plaintiff
        150 East 58th Street, 34th Floor
        New York, NY 10155
        (212) 486-6060

## VERIFICATION

I, Regina Solomon-Stowe, hereby verify that I am a Senior Technical Claims Advisor with Metropolitan Life Insurance Company, the Defendant in the within action; that I have read the foregoing Response to Plaintiff's First Request for Production of Documents and know the contents thereof; that the same is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters I believe them to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: review of files and records maintained in the ordinary course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: October 24, 2007
Iselin, NJ

_____
Regina Solomon-Stowe

SUBSCRIBED AND SWORN TO BEFORE ME
this ___24___ day of ___OCTOBER___, 2007

_____
NOTARY PUBLIC

**JOSEPH A. MATEO**
**Notary Public of New Jersey**
**ID. NO. 2289750**
**Commission Expires 07/16/2012**