# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN LIN,

                Plaintiff,              07-CV-3218 (Judge Holwell)

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant.

### SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STATE OF CALIFORNIA     )
                                  ) ss:
COUNTY OF LOS ANGELES  )

PEGGY CHOU, being duly sworn, deposes and says:

1.    On or about July 21, 2008, I received a telephone call from a private investigator, who I believe to be Michael Henehan, who told me that he was hired by the Plaintiff's law firm in this case.

2.    Mr. Henehan asked me about my position with Portamedic and I told him that I am an Examiner and that I have conducted paramedical examinations for Metropolitan Life Insurance Company and other insurance companies for over nine years.

3.    Mr. Henehan asked me many questions about my examination and interview of Mr. Bang Lin in August 2004. He specifically wanted to know whether I remembered Mr. Lin's face and where he lived. I could not remember these details with any clarity although he asked me the questions many times.

4. Mr. Henehan also asked me many times whether I asked Mr. Lin the questions on the form entitled, Part II: Paramedical/Medical Exam that was signed on August 18, 2004. I told him repeatedly that yes, I did and that I always do that as part of my normal procedure with every exam.

5. Mr. Henehan did not seem to believe me and asked me whether I did not really remember the interview. I told him that I have never done an interview otherwise. That is to say, to be clear, I always read each of the interview questions to the proposed insured and write down the answers they have given.

6. I stand behind my original affidavit in support of Defendant's motion for summary judgment sworn to April 21, 2008.

7. As you can see by the Part II paramedical examination form that I filled out, the interview with Mr. Bang Lin took place on August 18, 2004. This interview took place in Irvine, California, and no one other than Decedent and me was present. I asked Decedent the questions on Exhibit A in Chinese and he responded in Chinese. Most of the cases assigned to me are for Chinese-speaking applicants, because I am fluent in Chinese.

8. Among the questions I asked was Question 5(d). Question 5(d) states:

> Have you EVER received treatment, attention, or advice from any physician, practitioner or health facility for, or been told by any physician, practitioner or health facility that you had:
>
> Ulcers; colitis; *hepatitis*; cirrhosis; or any other disease or disorder of: the liver, gallbladder; stomach or intestines?

(emphasis added).

9. Decedent responded, "No," and I marked the "No" box accordingly. I remember this distinctly as hepatitis is a condition that affects many Chinese and I am Chinese and he was Chinese.

2

10. After completing the paramedical examination, in accordance with my usual practices, I forwarded Exhibit A to MetLife for further processing.

11. The above facts are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

                                                  _____ 08/13/2008
                                                  Peggy Chou

Sworn to before me this 13
day of AUG 2008

_____
Notary Public

STEVEN KIM
COMM. # 1715879
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXP. JAN. 12, 2011

3